**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**RAEANN MORGAN,**

**Plaintiff,**

**-v-** **CIVIL ACTION NO.**

**MIDLAND CREDIT MANAGEMENT, INC.,**

**Defendant.**
______________________________/

# NOTICE OF REMOVAL

**COMES NOW** defendant Midland Credit Management, Inc. ("Defendant"), by and through its undersigned counsel, pursuant to the provisions of 28 U.S.C. §§ 1331, 1367, 1441 and 1446, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby gives notice of the removal of this action from the County Court of Lee County, Florida, to the United States District Court for the Middle District of Florida, Fort Myers Division. In support of this notice of removal, Defendant states as follows:

## I. INTRODUCTION

1. Plaintiff Raeann Morgan ("Plaintiff") commenced this action by filing a complaint against Defendant in the County Court of Lee County, Florida, Case Number 2013-SC-053580 on or about November 22, 2013.

2. Plaintiff's complaint asserts a claim against Defendant relating to alleged improper collection of a past due account. [*See generally* Complaint.]

3. Based on these allegations, Plaintiff purports to assert claims against Defendant under the federal Telephone Consumer Protection Act ("TCPA") and the Florida Consumer Collection Practices Act ("FCCPA"). [*Id.*]

4. This case is properly removable pursuant to 28 U.S.C. § 1441 because federal question jurisdiction is present. Section 1441 provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

## II. FEDERAL QUESTION JURISDICTION

5. Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of a plaintiff's complaint. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

6. This is a civil action arising under the Constitution, laws, or treatises of the United States, because Plaintiff is asserting a claim against Defendant based upon an alleged violation of the TCPA, which is a federal consumer protection statute. [*See* Complaint; *see also* 47 U.S.C. § 227 *et seq.*]

7. Accordingly, Plaintiff's TCPA claim arises under the laws of the United States and could have been originally filed in this Court.

## III. SUPPLEMENTAL JURISDICTION

8. This Court can exercise supplemental jurisdiction over Plaintiff's state law FCCPA claims because these claims form part of the same case or controversy as Plaintiff's alleged TCPA violations. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides, in pertinent part, as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

9. In the instant case, Plaintiff's state law FCCPA claims are related to the same collection activity that forms the basis for Plaintiff's TCPA claim. Thus, it is clear that Plaintiff's state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a). *See also* 28 U.S.C. § 1441(c) ("[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein . . .").

10. Moreover, this Court should exercise supplemental jurisdiction over Plaintiff's state law claims in this action in order to avoid an unnecessary duplication of judicial resources. *See Bensman v. CitiCorp Trust, N.A.*, 354 F. Supp. 2d 1330, 1333-34 (S.D. Fla. 2005) (citing *In re City of Mobile*, 75 F.3d 605, 607 (11th Cir. 1996)). In the instant case, Plaintiff's state law claims do not raise novel or complex issues of state law, do not predominate over Plaintiff's demand for relief under the TCPA, and arise from the

same transaction or occurrence. See *id.* (citing 28 U.S.C. § 1367(c)). It is therefore proper for this Court to exercise jurisdiction over all claims asserted in Plaintiff's Complaint.

## IV. ADOPTION AND RESERVATION OF DEFENSES

11. Nothing in this notice of removal shall be interpreted as a waiver or relinquishment of any of Defendant's rights to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) the mandatory arbitrability of some or all of the claims; (8) failure to join indispensable parties; or (9) any other pertinent defense available under Fla. or Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

## V. PROCEDURAL REQUIREMENTS

12. This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

13. True and correct copies of "all process, pleadings, and orders" filed to date are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a) and Local Rule 4.02.

14. This notice of removal is filed within the time frame set forth in 28 U.S.C. § 1446.

15. Defendant has heretofore sought no similar relief.

16. The United States District Court for the Middle District of Florida, Fort Myers Division, is the court and division embracing the place where this action is pending in state court.

17. Contemporaneously with the filing of this notice of removal, Defendant has filed a copy of same with the clerk of the County Court of Lee County, Florida and a notice of filing notice of removal. Written notice of the filing of this notice of removal has also been served upon the Plaintiff.

18. Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the County Court of Lee County, Florida, to the United States District Court for the Middle District of Florida, Fort Myers Division.

Respectfully submitted this 3rd day of January, 2014.

R. Frank Springfield (FL Bar No. 0010871)
Matthew Devine (FL Bar No. 0099377)
Laura Westerman Tanner (FL Bar No.: 0085573)
BURR & FORMAN LLP
200 S. Orange Avenue, Suite 800
Orlando, FL 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601
fspringf@burr.com
mdevine@burr.com
ltanner@burr.com
*Attorneys for Defendant*
*MIDLAND CREDIT MANAGEMENT, INC.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served on the following by directing same to their office addresses through first-class, United States mail, postage prepaid, and by electronic mail on this the 3rd day of January, 2014:

Michael Backman, Esq.
VILES & BECKMAN, LLC
6350 Presidential Court, Suite A
Fort Myers, FL 33919
Telephone: 239-334-3933
Facsimile: 239-334-7105
E-mail: Michael@vilesandbeckman.com
Secondary E-mail: Matt@vilesandbeckman.com

__________________________
Attorney